## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**JOHN CAROL JENNINGS, SR.,**

      **Plaintiff,**

**v.**                              **Case No.  8:07-cv-418-T-30TBM**

**UNITED STATES OF AMERICA,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant United States of America's (**"Defendant"**) Motion to Dismiss the Amended Complaint (Dkt. 13), and Plaintiff John Carol Jennings, Sr.'s (**"Plaintiff"**) Response and motion to set aside or quash in opposition to the same (Dkt. 16-17).  The Court, having considered the motions and responses, and being otherwise advised in the premises, determines that Defendant's motion to dismiss should be granted and Plaintiff's motion to set aside or quash the same should be denied.

### Background

On or about April 27, 1998, the Internal Revenue Service recorded a "Notice of Federal Tax Lien" against certain real property owned by Plaintiff in Lakeland, Florida.  The lien  was recorded in the Official Records of Polk County, Florida.  Plaintiff filed his initial Complaint against Defendant in state court, seeking to discharge the lien as fraudulent.  Plaintiff further claimed that the lien was an improper cloud on title to his property, and that it should be discharged pursuant to Florida construction lien law.  On or about March 8, 2007, Defendant removed the case to this Court.

Following removal, Plaintiff moved to remand this case to state court and Defendant moved for dismissal.  On June 1, 2007, the Court denied Plaintiff's motion for remand and granted Defendant's motion to dismiss.  The Court concluded that dismissal was appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6), as Florida state law cannot be used to cancel a federal tax lien, but granted Plaintiff leave to file an amended complaint.

On June 22, 2007, Plaintiff filed his First Amended Complaint Pursuant to Title 28 U.S.C. § 1346(a) (the **"Amended Complaint"**), which is the subject of the instant Motion to Dismiss.  Plaintiff alleges the tax on his income was illegally assessed and seeks removal of the lien.  Defendant argues for dismissal of the Amended Complaint because the United States has not waived sovereign immunity, the Anti-Injunction Act deprives the Court of jurisdiction to cancel the lien, and the Declaratory Judgment Act bars the relief sought by Plaintiff.

## Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703

(11th Cir. 1985).  "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted.  <u>Sea Vessel, Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994).  Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims.  <u>Blumel v. Mylander</u>, 919 F.Supp. 423, 425 (M.D. Fla. 1996).  Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.  <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

### Discussion

The Internal Revenue Code ("IRC") provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. <u>See</u> <u>United States v. National Bank of Commerce</u>, 472 U.S. 713, 720 (1985).  Since Federal tax liens are not self-executing, the Internal Revenue Service ("IRS") must take affirmative action to enforce collection of unpaid taxes.  <u>Id.</u> (citing <u>United States v. Rodgers</u>, 461 U.S. 677, 680-82 (1983)).  To perfect a lien, the Secretary of the Treasury must file a notice of lien in accordance with 26 U.S.C. § 6323.

Plaintiff effectively seeks an injunction from the Court for removal of the tax lien or a declaration that it is invalid.  This Court lacks jurisdiction to award the relief requested.  Pursuant to the Anti-Injunction Act, the district courts lack jurisdiction over any action that seeks to enjoin the collection of taxes.  <u>See</u> 26 U.S.C. § 7421(a).  Plaintiff's case does not fall

within the narrow exception to this general rule. <u>See</u> <u>id.</u> Federal courts are expressly proscribed, by statute, from entertaining suits to "[restrain] the assessment or collection of any tax" except under specific circumstances not applicable here. <u>See</u> <u>id.</u>

The Supreme Court has recognized an exception to the Anti-Injunction Act, holding that injunctive relief is appropriate if a plaintiff can show that (i) under the most liberal view of the law and facts, the United States cannot establish its claim, and (ii) there is no independent basis for equity jurisdiction. <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); <u>Bob Jones University v. Simon</u>, 416 U.S. 725, 745, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974). Plaintiff's complaint satisfies neither prong of the <u>Enochs</u> test. First, Plaintiff has not come forward with any factual support for his assertion that the tax lien was "illegal." His claim that he is not an individual or person subject to federal income tax is without merit. <u>See Simanonok v. Commissioner</u>, 731 F.2d 743, 744 (11th Cir.1984). Thus, Plaintiff has failed to establish that Defendant's assessment of his taxes was without foundation. <u>See</u> <u>Enochs</u>, 370 U.S. at 8.

Second, equitable relief is not available because Plaintiff has an adequate remedy at law. Plaintiff has an administrative remedy to challenge the erroneous filing of a notice of lien pursuant to 26 U.S.C. § 6326.[1] He also may pay the tax and sue for a refund. <u>See Leves v. I.R.S.</u>, 796 F.2d at 1433. Before maintaining such a suit or proceeding for a refund, Plaintiff must file a claim for refund with the Secretary of the Treasury. 26 U.S.C. § 7422.

---

[1]Plaintiff could have also challenged the allegedly wrongful assessment by bringing a timely suit in the tax court under 26 U.S.C. §§ 6212 and 6213. <u>Leves v. I.R.S.</u>, 796 F.2d 1433 (11th Cir. 1986).

Absent a showing that the assessment of Plaintiff's taxes was without foundation, and as Plaintiff has an adequate remedy at law, this action does not fit within the exception to the Anti-Injunction Act recognized in <u>Enochs</u>.  Therefore, the Anti-Injunction Act precludes the Court from exercising jurisdiction over this action.  Accordingly, the Court concludes that the Amended Complaint should be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff's motion to set aside or quash Defendant's Motion to Dismiss contained within his Response to the same (Dkt. 17) is **DENIED.**

2.    Defendant's Motion to Dismiss the Amended Complaint (Dkt. 15) is **GRANTED**.

3.    The Amended Complaint (Dkt. 13) is hereby **DISMISSED with prejudice**.

4.    All pending motions are denied as moot.

5.    The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 1, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2007\07-cv-418.mtd amended complaint.frm